Deloach et al. *vs.* Neal.

plaintiffs are the legal holders or endorsees of the note except the statement in the bill of particulars, and the legal inference that arises in favor of the verdict and judgment below. It must be presumed that fact was proven on the trial, or plaintiffs should have been non-suited for want of a good cause of action. The presumption then is, that the plaintiffs are the legal holders of the note, or rather that they are legally entitled to its proceeds, and that the defendant collected the amount charged against him at their special instance and request, and for their use and benefit. It was indispensable for the plaintiffs to prove these facts, or some important one of them to sustain their cause of action on this item of the account, and when they had done so, it was unquestionably competent for the defendant to produce the note and show the assignment, which *prima facie* vested the legal interest in himself, and this testimony was entitled to be weighed against the plaintiffs' proof. It was not conclusive of the matter, but it was legal evidence proper to be heard and considered by the jury. This *prima facie* testimony surely went to defeat the plaintiff's right of recovery; but it did not destroy it, provided the plaintiffs could prove that the assignment was made to the defendant as their mere agent to facilitate the collection of the note, or that he agreed specially to collect the money for them and promised to pay it over. All the evidence in regard to the true and legal interest in the note was proper testimony and it should have been heard, and the jury left free to pass on the whole proof, and to say how the matter stood, and their finding would then have been conclusive on the point. Having shown that the testimony offered by the defendant was lawful and important evidence, and that it was improperly excluded on the trial, of course the judgment must be reversed.

---

## DELOACH ET AL. *vs.* NEAL.

Where a demurrer to declaration is overruled, it may regularly be followed by final judgment. The court is not bound to enter judgment of *respondeat ouster*.

Deloach et al. *vs.* Neal.

If the defendant does not ask leave to withdraw it, or to plead over, the judgment is necessarily final.

Where the record merely states the final judgment on such demurrer, without showing that any demurrer was filed, still, if process has been regularly served and the declaration is substantially good, the judgment will be affirmed.

THIS was an action of debt, determined in the Crittenden Circuit Court, in April, 1841, before the Hon. WILLIAM K. SEBASTIAN, one of the circuit judges. The original summons bears date the 25th August, 1840: and the declaration appears to have been filed on the first day of September, following. The process was well executed. Only one entry appears to have been made on the court record; which, after the proper statement of the names of the parties, is as follows: "This day came the parties by their attornies, and the court being sufficiently advised of the matters arising upon the demurrer of the defendants, it is ordered that the same be overruled; and it is therefore considered by the court, that the plaintiff recover of the defendants, five hundred dollars, the debt in the declaration mentioned; together with interest thereon at the rate of six per cent. per annum, from the first day of May, 1840, until paid, and his cost in this behalf expended." The case came up on error.

The case was argued here by *Cummins* for plaintiffs in error, and *Pike & Baldwin* contra.

*By the Court,* RINGO, C. J. The objection urged against this judgment is, that the court, upon overruling the demurrer of the defendants below to the declaration, was bound by law to have entered up judgment that they answer over, instead of giving final judgment thereupon for the debt. This objection may well be regarded as futile. The demurrer, if one was in fact interposed, the law considers as a defence to the action in bar thereof, and therefore if the party demurring elected to stand by the demurrer, or omitted to pray leave to withdraw it, or to plead over to the action, the judgment would necessarily be final. But the record does not show affirmatively that any demurrer was filed or interposed by the defendants below, and none is transcribed into the transcript of the record before us; nor is the filing or interposing thereof in any manner noted of re-

cord; consequently we should consider ourselves warranted in wholly disregarding the judgment purporting to have been pronounced on the demurrer.

But in either view, that is, whether the judgment on the demurrer be regarded or disregarded, the result must be the same; because the declaration is, in our opinion, at least substantially good, and upon a demurrer not assigning specially any ground of demurrer, must be held and adjudged sufficient. And also, if the demurrer be disregarded, still as the defendants below were duly served with valid process binding them to appear, and are stated on the record as having in fact appeared, and suffered judgment to pass against them, without availing themselves of the objection in abatement, that the writ issued before the declaration was filed, they must now be considered as having waived it. There is not therefore any error in the proceedings and judgment of the circuit court in this cause for which the same should be reversed. Judgment affirmed.